

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. M. Law, President
Board of Directors
A & M College of Texas
First National Bank
Houston, Texas

Dear Sir:

Opinion Number O-3428
Re: Authority of the State
Board of Education to pur-
chase revenue bonds for the
account of the State Perma-
nent School Fund.

We have your letter of April 15, in which you advise
that the Legislature has passed and the Governor has signed
a bill authorizing the Agricultural and Mechanical College of
Texas to issue its bonds payable out of revenues to be collect-
ed from the operation of certain dormitories which are to be
erected from the proceeds of the sale of such bonds. You re-
quest our opinion on the following question:

"Would there be any legal inhibition against
the purchase of these bonds by the State Board
of Education?"

We note that you inquire as to whether there is any
legal inhibition against the purchase of these bonds. We do
not find any inhibition in the law, but it is a well establish-
ed principle of law that all creatures of the State possess
only such powers as are conferred by the law creating them, or
such incidental powers as are necessary to carry out the pur-
pose of their creation. Therefore, we must look for the author-
ity to purchase such bonds, if any exists.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

. ... Law, page #2

Article 2669 of Vernon's Annotated Civil Statutes reads as follows:

"The State Board of Education is authorized and empowered to invest the Permanent Public Free School Funds of the State in bonds of the United States, the State of Texas, or any county thereof, and the independent or common school districts, road precincts, drainage, irrigation, navigation and levee districts in this State, and the bonds of incorporated cities and towns, and obligations and pledges of the University of Texas."

This article is the Enabling Act passed pursuant to Section 4, Article 7, of the Constitution, which reads, in part, as follows:

"The Comptroller shall invest the proceeds of such sales and of those heretofore made as may be directed by the Board of Education herein provided for, in the bonds of the United States, the State of Texas, or counties in said State, or in such other securities and under such restrictions as may be prescribed by law * * * * ".

This article of the Constitution was adopted on August 14, 1883, and became law by proclamation September 25, 1883.

The first statute adopted by the Legislature appears in the Acts of 1905, page 263, and was later amended by the Acts of 1909, page 216. Each amendment, including that of the Acts of 1929, Forty-first Legislature, page 573, Chapter 278, Section 1, enumerated additional bonds in which the State Board of Education was authorized to invest the State Permanent School Fund. It seems clear that the bonds described in your letter could only come under a classification such as that added by the amendment of 1929, wherein the Fund was permitted to be invested in "obligations and pledges of the University of Texas." Manifestly, this provision cannot be extended to include obligations or pledges

of the Agricultural and Mechanical College of Texas, which, while referred to in the Constitution as a branch of the University of Texas, possesses characteristics and powers peculiar to a separate and independent entity, and in our opinion this portion of the statute would for this reason be inapplicable to the bonds of A & M College mentioned in your request. Further, the law authorizing the issuance of such a bond expressly provides that it shall not be an obligation of the A & M College, nor shall it be construed to be an obligation of the State of Texas, and the holders thereof shall not be entitled to look to the collection of taxes for the payment thereof, but only to the revenues accruing from the operation of the project for which such bonds were issued.

You are, therefore, advised that the failure of the law to authorize the investment of the State Permanent School Fund in bonds of the class described in your communication, in our opinion, amounts to an inhibition to the State Board of Education purchasing such type bonds.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 5, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By Clarence E. Crowe

Clarence E. Crowe
Assistant

CEC-s


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN